(No. 11090.—Judgment affirmed.)

·WILLIAM F. WAGNER, Defendant in Error, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1917.*

1. NEGLIGENCE—*when evidence is admissible that a car coupler other than the one alleged to have caused the injury was defective.* Where the declaration in an action for damages for an injury received in coupling cars alleges that a certain one of two couplers was defective and charges the injury to have occurred because of the defective condition of that coupler, and it is shown that the coupling could have been made if either of the couplers had been in order, the fact that the other coupler had been closed because unfit for use is material to the issue and proof thereof is admissible.

2. SAME—*when one may exhibit his injury to jury.* Whether the plaintiff may exhibit his injury to the jury is primarily a matter in the discretion of the trial court, and such discretion is properly exercised where the personal view will aid the jury in understanding the evidence even though there may be no controversy concerning the injury or the extent of it; but where the only purpose of the exhibition is to excite feeling it is error to permit it, and if the damages recovered are excessive such error will be ground for reversal.

3. SAME—*the Federal Employers' Liability act need not be specifically mentioned in the declaration.* Where an injury is due to a violation of the provisions of the Federal Employers' Liability act, it is not necessary to specifically mention said act in the declaration if facts are stated which give the plaintiff a cause of action under the act.

4.ʽ SAME—*an act in violation of a statute is prima facie negligent.* An act in violation of a statute is *prima facie* negligent, and it is sufficient to allege as negligence a violation of a public law enacted to secure the safety of persons.

5. EVIDENCE—*witness may testify as to where cars came from without introduction of way-bills.* A witness who has acquired his knowledge from looking at the way-bills may testify as to where certain cars came from without the introduction of the way-bills in evidence, since such instruments are merely memoranda and do not come within the best-evidence rule.

6. RAILROADS—*when service of car in inter-State commerce is not completed by partly unloading.* The fact that a car loaded with goods from without the State has reached its destination and has been partly unloaded before being moved by a switching crew does not complete its service in inter-State commerce, where the car is to be returned to finish the unloading and then be re-loaded with a shipment destined beyond the State.

7. PLEADING—*rule for construing pleadings against pleader is reversed after verdict.* After verdict the rule by which pleadings are construed against the pleader is reversed and anything necessary to be proved which may fairly be inferred from the declaration will be regarded as alleged.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

WILLIAM D. FULLERTON, and A. B. ENOCH, for plaintiff in error.

FRANK H. HAYES, and BUTTERS & CLARK, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Second District affirmed a judgment for $8000 recovered in the circuit court of La-Salle county by William Wagner, the defendant in error, against the Chicago, Rock Island and Pacific Railway Company, plaintiff in error, and this court granted a writ of *certiorari* for a review of the judgment of the Appellate Court.

The action was for damages in the loss of a part of the plaintiff's foot while coupling cars as foreman of a switch-

ing crew in the service of the defendant. There were four counts in the declaration and an additional count was filed during the trial. The plea was the general issue. The court directed a verdict for the defendant on the third and fourth counts and the additional count and submitted the first two counts to the jury, which returned a verdict of guilty.

The errors assigned are argued indiscriminately, but when reduced to their proper order the first question to be considered is whether the court erred in denying the motion for a new trial on account of alleged errors occurring in the course of the trial.

The undisputed facts necessary to be understood are as follows: The defendant's railroad runs easterly and westerly through the city of Morris, in Grundy county, and a switching crew is stationed there to serve the industries located along the tracks and to do necessary switching at the station. The plaintiff was the foreman of the switching crew, which consisted of himself, two switchmen, an engineer and a fireman. On August 21, 1912, he undertook to couple two cars together which were being moved in a necessary switching operation. One of the cars was equipped with what is called a "Major" coupler, which was defective and which the plaintiff had closed because it would not work. As that car was pushed toward another car equipped with what is called a "Gould" coupler, the plaintiff attempted to adjust the knuckle of that coupler so that the coupling could be made. He was on the south side of the car, where the pin-lifter was, and he pulled on it with both hands, but it was defective and he was not able to open the coupler. He then went around on the north side of the car and kicked the coupler to loosen it. As the cars came together his foot was crushed and was amputated midway between the toe and heel.

The declaration alleged that the Gould coupler was defective and charged the injury to have been occasioned by

the defective condition of that coupler, and it made no reference to the Major coupler. It is contended that the court erred in admitting evidence that the Major coupler was also in a defective condition because it was not the cause of the injury. The coupling could have been made if either of the couplers had been in order, and the fact that the Major coupler had been closed because unfit for use was material to the issue, and there was no error in the ruling.

The next ruling complained of is that the court refused to strike out testimony of the plaintiff that the cars were loaded with cotton-seed meal and came from Tennessee, when it appeared on cross-examination that he only knew where they came from by looking at the way-bills. The ground of the objection was that the way-bills were the best evidence. The rule of law is that one who is called upon to prove the contents of a writing must produce the writing or account for his failure to do so. But the way-bills did not come within that rule, not being documents executed between the parties to the suit or amounting to anything more than memoranda where the cars came from, of the same nature as marks on the cars tending to prove that the cars were employed in inter-State commerce. It was not necessary to produce the way-bills or records. *Devine* v. *Chicago, Rock Island and Pacific Railway Co.* 266 Ill. 248.

It is further urged as a matter of law that if the cars had been employed in inter-State commerce they had been delivered and the inter-State character of the shipment had ceased. The Gould car had been taken to the Quaker Oats mill and partly unloaded and it became necessary to move it in its partly unloaded condition, but it was again to be returned to complete the unloading and was then to be loaded by the Quaker Oats Company for a shipment to Pennsylvania. The service of the car in inter-State commerce had not been completed and the car was still engaged in inter-State commerce.

The court permitted the plaintiff to exhibit his foot to the jury, and also to exhibit the shoe which· he wore at the time of the accident and to offer the shoe in evidence. Whether one who is injured may exhibit an injured member to the jury is primarily in the discretion of the trial court, and it is properly exercised in any case where the personal view will aid the jury in understanding the evidence, and that may be so where there is no controversy concerning the injury nor the extent of it, as was the fact in this case. (*Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100.) Where, however, the only purpose and effect of an exhibition of that kind is to excite feeling rather than to enlighten the jury as to any fact or to aid in settling any disputed question of fact it should not be permitted. In this case there was not only no controversy concerning the injury nor the extent of it, as was stated at the time of the proposed exhibition, but the evident purpose was to excite in the minds of the jury pity and commiseration for the condition of the plaintiff and thereby to increase the damages. The exhibition for the purpose which the record shows was intended should not have been allowed, and if it now appeared that the damages allowed were excessive it would be necessary to reverse the judgment. In view, however, of the amount of the recovery it would seem that substantial injury did not result from what was done.

The attorney for the plaintiff went beyond the reasonable limits of argument, but on objection being made the court sustained it, and in one instance told the jury that the statement was wholly unwarranted and should be disregarded. The ruling of the court was emphatic, and sufficient, in our judgment, to counteract the effort of the attorney to create prejudice against the defendant.

The court refused to direct a verdict for the defendant, and the evidence has been sufficiently stated to show that the court did not err in denying the motion. Nothing oc-

curred upon the trial which required the court to grant the motion for a new trial.

The defendant moved in arrest of judgment and the motion was overruled. This motion tested the sufficiency of the declaration to sustain the verdict, and it is contended that neither of the two counts submitted to the jury stated a cause of action. The first count alleged, with considerable detail, that the defendant was a railroad corporation engaged in inter-State commerce; that it was its duty to equip its cars with couplers in accordance with the requirements of the Federal act; that it hauled upon its lines a car equipped with an automatic coupler which was in a defective, broken and inoperative condition, which could not be coupled or uncoupled from the side of the car without the necessity of going between the cars, and that it was the duty of the plaintiff, as "switchman and employee of the defendant engaged in inter-State commerce, as aforesaid," to couple the car equipped with the defective coupler to another car. The argument is that the wrongful act averred was the failure of the defendant to comply with the Federal statute by providing an automatic coupler which would couple by impact without the necessity of going between the cars, and that to bring the cause of action within the Federal Employers' Liability act it was necessary to allege that the plaintiff was engaged in an act of inter-State commerce at the time of his injury, but there was a failure to make such averment, and the averment made referred to the defendant, and not to the plaintiff, as engaged in inter-State commerce. The declaration as tested by a demurrer might properly have received that construction, since it referred to the previous averment that the defendant was engaged in inter-State commerce, but after verdict the rule by which pleadings are construed against the pleader is reversed and anything necessary to be proved which may fairly be inferred from the declaration will be regarded as alleged. A favorable construction of the declaration to sup-

port the verdict would be that the defendant being engaged in inter-State commerce, and it being the duty of the plaintiff, as an employee, to couple the cars, it might fairly be inferred that he was engaged at the time in an act included in the business carried on by the defendant in inter-State commerce. (*Sargent Co.* v. *Baublis,* 215 Ill. 428; *Linquist* v. *Hodges,* 248 id. 491; *Supolski* v. *Ferguson & Lange Foundry Co.* 272 id. 82.) It was not necessary to mention the Federal Employers' Liability act if facts were stated which gave the plaintiff a cause of action under that act. The first count alleged a failure of the defendant to comply with the statute, and an act in violation of a statute is *prima facie* negligent, so that it is sufficient to allege as negligence a violation of a public law enacted to secure the safety of persons. The count was sufficient to bring the case within the Federal Employers' Liability act. (*Texas and Pacific Railway Co.* v. *Rigsby,* 241 U. S. 33; *San Antonio and Aransas Pass Railway Co.* v. *Wagner,* id. 476.) The second count alleged that the defendant was engaged in inter-State commerce, and charged as negligence having the car equipped with an automatic coupler which was broken, defective and inoperative. This count set up the Federal Employers' Liability act as creating a cause of action but did not in terms allege that the negligence charged was a violation of the act requiring automatic couplers which would couple by impact without the necessity of going between the cars. It stated the facts bringing the cause of action within the express terms of that statute and it was not necessary to do more. The court did not err in denying the motion in arrest of judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*