(No. 11685.—Reversed and remanded.)

The Northern Trust Company, Admr., Defendant in Error, *vs.* The Grand Trunk Western Railway Company, Plaintiff in Error.

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*

1. Carriers—*what must be alleged to state cause of action under the Federal Employers' Liability act.* A declaration against an inter-State carrier for an injury to an employee does not state a cause of action under the Federal Employers' Liability act unless it alleges that at the time of the injury both the carrier and the employee were engaged in inter-State commerce.

2. Same—*what determines whether a cause of action is removable.* If a cause of action against an inter-State carrier is one arising under the State law it is removable to Federal jurisdiction if the necessary facts exist, and the question whether it is such an action, or whether it is a suit under the Federal Employers' Liability act as amended in 1910 and hence not removable, is to be determined by the court from the pleadings as they stand when the petition for removal and bond are filed.

3. Same—*declaration must show cause of action under Federal Employers' Liability act to prevent removal.* It is not necessary to set out or refer to the Federal Employers' Liability act to state a cause of action thereunder, but it is necessary, in order to exempt the case from removal from a State court, as provided by the amendment of 1910, that the essential facts necessary to bring the cause under the Federal act shall be alleged in the declaration.

4. Same—*when carrier does not waive error on denial of motion to remove the cause.* In an action against an inter-State carrier for an injury to an employee, by pleading to the declaration after a motion to remove the cause to Federal jurisdiction is denied and by contesting the case on its merits the carrier does not waive the right to assign error on the ruling of the court in denying the motion.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. David F. Matchett, Judge, presiding.

Loyal L. Smith, for plaintiff in error. °

C. HELMER JOHNSON, and D. D. ROOT, (ARTHUR H. CHETLAIN, and JAMES D. POWER, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court upon a petition for a writ of *certiorari* to the Appellate Court for the First District to review a judgment of said court affirming a judgment of the circuit court of Cook county in favor of plaintiff below.

The Northern Trust Company, as administrator of the estate of F. Parks, deceased, sued the Grand Trunk Western Railway Company and the Grand Trunk Railway Company to recover damages for the death of Parks, alleged to have been caused by the negligence of defendants. The Grand Trunk Railway Company was subsequently dismissed from the suit. A trial was had by a jury, resulting in a verdict for plaintiff, upon which the court rendered judgment, which judgment was affirmed by the Appellate Court.

Parks was employed by plaintiff in error, the Grand Trunk Western Railway Company, as a switchman. The accident which resulted in his death occurred February 11, 1913, while plaintiff in error was using the tracks of the Chicago Junction Railway Company in the Union Stock Yards in the city of Chicago. At the time of the accident deceased was one of a crew engaged in switching a car of horses in the Union Stock Yards destined for the State of Maine. The switching operation started north of Forty-third street. There were a number of tracks at the place where the crew was working. The front end of the engine was hitched onto the south end of the car of horses and the movement required the car to be taken south past a certain switch which deceased was to throw, signal the engineer and the car was then to be pushed back north onto another track. The track on which the car was moving south was the farthest east of the tracks at that point.

Some distance south of where the car started from was a hay barn on the east side of the track. There was a platform on the west side of the barn extending west. The tracks curved around the west side of this barn and the platform curved also, being widest near the middle. At the time the accident occurred there was a pile of hay on the north end of the platform which it is charged obstructed the view of deceased, who was following up the car for the purpose of signaling the engineer when the car had passed over the switch points and then throwing the switch so that the car could be moved back north on another track. At the north end of the platform it is alleged there was fifteen or more inches of space between the car and the platform, but in passing around the curve of the platform the bodies of cars of unusual length, such as the one being moved at the time of the accident, would swing in to within a few inches of the edge of the platform. Deceased passed into the space between the car and the north end of the platform. It is contended this was made necessary by the pile of hay on the north end of the platform, which prevented deceased from seeing and being able to signal the engineer after the engine had passed the curve of the platform. Deceased had passed far enough along the edge of the platform that when the body of the car swung in towards the platform he was crushed and killed.

Numerous errors are assigned and argued as grounds for the reversal of the judgments of the Appellate and circuit courts, but in the view we take of the case it will not be necessary or proper for us to discuss any of the errors except the first one, which is that the circuit court erred in denying the motion and petition of plaintiff in error to remove the cause from the State court to the district court of the United States for the northern district of Illinois, and that the Appellate Court erred in not reversing the judgment of the circuit court for that reason.

The declaration originally consisted of but one count. It alleged that on February 11, 1913, defendants were common carriers of freight and passengers, and were then and there, as such common carriers, doing and transacting an inter-State business between the State of Illinois and the State of Indiana and elsewhere; that the defendants were then and there controlling, operating and using in their said business locomotive engines, cars, railway tracks, platforms, etc.; that Parks was in the employ of said defendants as a switchman, and was by the defendants' orders then and there working as a switchman within the grounds commonly known as the stock yards of the city of Chicago. The declaration then alleged the duty of defendants to furnish deceased a reasonably safe place in which to work, the failure of defendants to observe or perform said duty, and that by reason of such negligence and failure of defendants Parks was killed.

Before pleading to the declaration both the defendants therein named presented a motion, petition and bond for the removal of the case to the district court of the United States for the northern district of Illinois. The petition alleged as grounds for removal that the amount in dispute exceeded $3000; that the suit was of a civil nature brought to recover $10,000 for the death of Parks, as set forth in the declaration; that the Grand Trunk Western Railway Company was a corporation organized under the laws of the State of Indiana, and was when the suit was brought, and still was, a corporate citizen and resident of said State and not of the State of Illinois; that the Grand Trunk Railway Company was a corporation created under the laws of the dominion of Canada, and was when the suit was brought, and still was, an alien and not a citizen of the State of Illinois nor of the United States; that the Northern Trust Company, administrator and plaintiff, is a corporation organized under the laws of the State of Illinois and is a citizen of said State. The bond was approved

by the judge of the circuit court but the removal of the cause was denied, to which ruling of the court defendants excepted and filed their special bill of exceptions. After denial of the petition for removal defendants filed their plea of the general issue to the original declaration. Subsequently three additional counts were filed to the declaration, in which it was averred that deceased was employed as a switchman and engaged in inter-State commerce at the time of his death. Defendants pleaded the general issue to the additional counts. At the beginning of the trial defendants renewed their motion to remove the cause, which was again denied.

The Federal Employers' Liability act of 1908 gives a cause of action against a common carrier by railroad engaged in inter-State commerce between any of the several States "to any person suffering injury while he is employed by such carrier in such commerce," or, in case of the death of such employee, to his personal representative for the benefit of the persons named in the act. By an amendment to that act in 1910 Federal and State courts were given concurrent jurisdiction in cases brought under the act, and the amendment provided that when the action is brought in any State court of competent jurisdiction it shall not be removed to any court of the United States.

It is contended by plaintiff in error that the original declaration on file at the time the motion for the removal of the cause was made and denied did not state a cause of action under the Federal Employers' Liability act and therefore was not controlled by the amendment to said act, and that the cause was removable on the ground of diverse citizenship.

To authorize a recovery under the Federal Employers' Liability act it is required that the carrier and the injured employee should both have been engaged in inter-State commerce at the time of the injury. The original declaration alleged that the defendants were common carriers engaged

in inter-State commerce but it did not allege that the deceased employee was so engaged at the time of the injury. In *Illinois Central Railroad Co.* v. *Behrens,* 233 U. S. 473, the court, after quoting the Federal statutes, said: "Giving to the words 'suffering injury while he is employed by such carrier in such commerce' their natural meaning, as we think must be done, it is clear that Congress intended to confine its action to injuries occurring when the particular service in which the employee is engaged is a part of inter-State commerce. The act was so construed in *Pedersen* v. *Delaware, Lackawanna and Western Railroad Co.* 229 U. S. 146. It was there said (p. 150) : 'There can be no doubt that a right of recovery thereunder arises only where the injury is suffered while the carrier is engaged in inter-State commerce and while the employee is employed by the carrier in such commerce.' Again (p. 152) : 'The true test always is, is the work in question a part of the inter-State commerce in which the carrier is engaged?' "

It would seem to follow that a declaration against an inter-State carrier for an injury to an employee does not state a cause of action under the Federal Employers' Liability act unless it alleges that at the time of the injury the employee was also engaged in inter-State commerce, and that to maintain an action under the Federal Employers' Liability act the plaintiff must specifically state in the declaration all facts necessary to bring himself within the provisions of the act and thus enable the court to judge whether he has a cause of action under the Federal statute. In *Southern Railway Co.* v. *Howerton,* 182 Ind. 208, it appears there was no allegation in the complaint that the plaintiff or defendant was engaged in inter-State commerce. In answer to a contention of counsel that the complaint was drawn under the Federal act, the court said it might possibly be inferred from the allegation that defendant's railroad extended from Louisville through Indiana to St. Louis

and that it was engaged in inter-State commerce, but the court further said: "It is essential that it should appear that appellee [plaintiff] was injured while engaged in inter-State commerce,"—citing *Illinois Central Railroad Co.* v. *Behrens, supra.* In *Walton* v. *Southern Railway Co.* 179 Fed. Rep. 176, the declaration alleged that at the time of the injuries sued for plaintiff was engaged in the transportation of inter-State commerce, but there was no allegation that defendant was a common carrier engaged in inter-State commerce by railroad. The court said this was clearly insufficient to make a case under the Federal act, and the suit being between a citizen of Georgia and a Virginia corporation, the case was held removable on the ground of diversity of citizenship.

Defendant in error contends that plaintiff in error is in no position to raise the question of the court's ruling in denying the motion to remove the case because the petition for removal did not set up the necessary facts which would entitle defendants to a removal. Counsel in their brief say: "The petition for removal must aver facts from which it will appear that the cause is a removable one and that it does not arise under the Employers' Liability act, and specifically aver that the case is not one excepted from removal by the provision of said section 28 of the judicial code, and allege facts from which it will appear that at the time of the injury complained of the defendant was not engaged in inter-State commerce or that plaintiff was not engaged in inter-State commerce." If the cause of action was one arising under the State law it was removable. Whether it was such an action or whether it was a suit under the Federal Employers' Liability act was to be determined by the court from the pleadings as they stood when the petition for removal and bond were filed. *Alabama Southern Railway Co.* v. *Thompson,* 200 U. S. 206; *Gibson* v. *Bruce,* 108 id. 561.

We are referred by counsel for defendant in error to *Patton* v. *Cincinnati, N. P. and T. P. Railway Co.* 208 Fed. Rep. 33, where it was said: "Construing the acts of Congress as excepting from all otherwise removable cases those arising under the Employers' Liability act and pending in the State court, it may well be that where a railway company seeks to remove to the Federal court an action for damages pending in a State court and the exact nature of the cause of action has not yet appeared from any pleading filed by the plaintiff, it is incumbent upon the defendant, in order to show a removable case upon the face of its petition for removal, to specifically aver that the case is not one excepted from removal by the proviso in section 28 of the judicial code; that it is not a suit arising under the Employers' Liability act." In that case the court recognized the rule that the question of removability depends upon the state of the pleadings and the record at the time of the application for removal, but there had been no declaration filed by plaintiff when the petition and bond for removal were filed by defendant and there was no pleading from which it could be determined whether the action was under the State or Federal law. Such was not the case here, as the declaration was on file when the motion was made. It would be superfluous to extend this opinion by further reference to authority on this subject.

The contention of defendant in error that the original declaration stated facts from which the conclusion might be properly drawn that deceased was engaged in inter-State commerce at the time of his injury and that the cause of action was under the Federal Employers' Liability act we regard as untenable. We are referred to *Wagner* v. *Chicago, Rock Island and Pacific Railway Co.* 277 Ill. 114, as sustaining defendant in error's position. In that case the question of the sufficiency of the declaration arose on a motion in arrest of judgment, which was overruled by the trial court. The declaration alleged that the defendant was

engaged in inter-State commerce but did not allege that the plaintiff was so engaged at the time of his injury. The court held, in substance, that if tested by demurrer the declaration might properly have been subject to the objection, but after verdict the rule by which pleadings are construed against the pleader is reversed and anything necessary to be proved which may be fairly inferred from the declaration will be regarded as alleged.

At the time the motion for removal was made and the petition and bond filed the declaration stated a good cause of action under the State law. It is not necessary to set out or refer to the Federal Employers' Liability act to state a cause of action thereunder, but it is necessary to exempt the case from removability that the essential facts necessary to bring the cause under the Federal act shall be alleged in the declaration. The rights of the parties are to be determined as of the time the first motion to remove the cause was made. Pleading to the declaration after that motion was denied and contesting the case on its merits did not waive the right to assign error on the ruling of the court in denying the motion. (*Removal cases*, 100 U. S. 457.) The Appellate Court apparently, but mistakenly, held that the motion first made to remove the cause was properly denied because the plaintiff was not served with a notice of said motion. Counsel for defendant in error were notified that the motion would be made and were present when it was made and resisted it. It was the view of the Appellate Court that when the motion was renewed after the additional counts had been filed the declaration did state a cause of action under the Federal Employers' Liability act and was not then removable.

For the error in denying the motion to remove the cause the judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court.

*Reversed and remanded.*