## PAYNE, Director General of Railroads, v. BEARDEN.

(Circuit Court of Appeals, Eighth Circuit. July 15, 1920.)

No. 5499.

Commerce ⬅═27(7)—Employment in interstate commerce held conclusively shown.

Under the facts appearing in evidence in this case, the train movement was one in interstate commerce, and the plaintiff was entitled to a directed verdict in her favor, except as to the amount of damages.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Agnes Bearden, as administratrix, against John Barton Payne, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

W. M. Hezel, of St. Louis, Mo. (J. L. Howell, of St. Louis, Mo., on the brief), for plaintiff in error.

Sidney Thorne Able, of St. Louis, Mo. (Charles P. Noell, of St. Louis, Mo., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. The defendant in error, hereafter plaintiff, brought this action against the Director General of Railroads, hereafter defendant, to recover damages for the death of her husband, Frank D. Bearden, alleged to have been caused by the negligence of said defendant in operating the East St. Louis Connecting Railroad Company. At the trial the only defense made was that the movement of the string of cars between two of which Bearden was killed by reason of a defective coupling was not an interstate movement. There was a verdict for the plaintiff. Defendant contends that the trial court committed error in refusing to direct a verdict in his behalf.

The car movement was as follows:

On April 5, 1918, at the city of East St. Louis, Ill., a string of cars, six in number, were standing on a track in the yards of the railway company, known in the evidence as track No. 7. Commencing with the car standing next to the engine, which was coupled on to said string of cars, the cars stood in the following order: Grand Trunk, 100413; C. & N. W. 101510; N. O. P. M. 2392; I. C. 35996; Southern, 186246; I. C. 123497.

Witness Snell, an employé of the railroad company, who had charge of the records of cars handled through its yards, testified in substance as follows: The Grand Trunk car was loaded with linoleum in transit from Philadelphia, Pa., to Wm. Walker Company, Kansas City, Mo., in care of Kansas City, Mo., River Navigation Company, at East St. Louis Warehouse. The evidence further showed that the I. C. car No. 123497, was loaded with coal, as was Southern car No. 186246. This string of cars was moved from track No. 7 for the purpose of placing

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I. C. car No. 123497 on track No. 4, known as the coal chute track, and then to return the five remaining cars to track No. 7, from whence they came, and otherwise distribute said cars to the places where they belonged.

We think the evidence clearly showed that the Grand Trunk car loaded with linoleum belonged at the River Warehouse, in care of which it was billed, and that the linoleum was to be unloaded and transported by boat to Kansas City. Bearden was killed by a movement of the cars while he was attempting to uncouple the I. C. car No. 123497 from the remaining cars, so as to leave it on track No. 4; a defective coupler having made it necessary for him to go between the cars for the purpose of uncoupling them.

Witness Lipe, the switch foreman, testified that he did not know whether the four box cars were loaded or not. This left the testimony of the witness Snell undisputed. On cross-examination of the witness Lipe, a report of the accident made by him to the railroad company on the day it occurred was introduced in evidence. These questions and answers appeared in the report:

Q. How many cars in train? A. Six.
Q. How many loads? A. Two.

Lipe explained the answer which he had given in the report as to the number of cars loaded by testifying that the I. C. car No. 123497 and Southern car No. 186246 were coal cars loaded with coal, that the other four cars in the string were box cars, and that he was not required to ascertain whether the box cars were loaded or not. The report and the explanation is the only testimony which could be claimed to contradict that of the witness Snell. The statement of Lipe in his report that two cars were loaded, without specifying which cars, and his testimony at the trial that, outside of the two cars loaded with coal, he did not know whether the cars were loaded or empty, in our opinion created no substantial conflict with that of Snell.

On this state of the evidence, a verdict that there was no car in the string of cars loaded with interstate freight would not have been allowed to stand. It therefore becomes immaterial to determine whether the court erred in its charge to the jury, or in what was said about the report. On the uncontradicted evidence we are of the opinion that the car movement was an interstate movement, within the meaning of the statute and the decisions of the Supreme Court. The plaintiff was entitled to a directed verdict, except on the question of damages. Philadelphia & Reading Ry. Co. v. Hancock, 250 U. S. 658, 40 Sup. Ct. 54, 63 L. Ed. 1193; Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. §§ 8657–8665); St. L., S. F. & Tex. Ry. v. Seale, 229 U. S. 156, 161, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156; New York Central & Hudson River R. R. Co. v. Carr, 238 U. S. 260, 35 Sup. Ct. 780, 59 L. Ed. 1298; New York Central R. Co. v. Winfield, 244 U. S. 147, 37 Sup. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139; New York Central R. Co. v. Porter, 249 U. S. 168, 39 Sup. Ct. 188, 63 L. Ed. 536; Southern Pacific Co. v. Industrial Accident Commission (January 5, 1920) 251 U. S. 259,

40 Sup. Ct. 130, 64 L. Ed. ——; Erie Railroad Co. v. Downs, 250 Fed. 415, 162 C. C. A. 485; Bolch v. Chicago, Milwaukee & St. Paul R. Co., 90 Wash. 47, 155 Pac. 422; Delk v. St. Louis & San Francisco Railroad Co., 220 U. S. 580, 31 Sup. Ct. 617, 55 L. Ed. 590; Chicago, Milwaukee & St. Paul R. Co. v. Voelker, 129 Fed. 522, 65 C. C. A. 226, 70 L. R. A. 264: Erie R. Co. v. Winfield, 244 U. S. 175, 37 Sup. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B, 662; Vandalia R. Co. v. Holland, 183 Ind. 438, 108 N. E. 580; Snyder v. Great Northern R. Co., 88 Wash. 49, 152 Pac. 703; Hester v. Railroad, 254 Fed. 787, 166 C. C. A. 233; Wagner v. C., R. I. & P. Ry. Co., 277 Ill. 114, 115 N. E. 201; Texas & Pacific Ry. Co. v. Sherer (Tex. Civ. App.) 183 S. W. 404; Daley v. Boston & M. R. R. Co. (Sup.) 166 N. Y. Supp. 840; Trowbridge v. Railway, 192 Mo. App. 52, 179 S. W. 777; Southern Railway Co. v. Puckett, 244 U. S. 571, 37 Sup. Ct. 703, 61 L. Ed. 1321, Ann. Cas. 1918B, 69; Texas & Pacific R. Co. v. Lester (Tex. Civ. App.) 207 S. W. 555; Roberts, Federal Liability of Carriers, vol. 1, pp. 743 to 746, page 886, § 510, page 762, page 885, § 509, page 770, § 447, page 873, § 503, and page 800, § 462.

The case was tried on the theory that, in order to recover, the plaintiff must show a movement in interstate commerce. We therefore do not discuss the question of whether there was a liability on the part of the defendant by reason of a violation of the Safety Appliance Act.

Judgment affirmed.