## James J. Roach, Appellee, v. Chicago, Rock Island and Pacific Railway Company, Appellant.

### Gen. No. 27,551.

1. MASTER AND SERVANT—*presumption as to interstate or intrastate character of car movement.* On appeal from a judgment for plaintiff for personal injuries alleged to have been sustained in interstate commerce, the action having been brought under the Federal Employers' Liability Act, where the evidence shows the injuries to have been received while plaintiff was preparing to couple a car used for interstate carriage of mail to move it out of the way of empty cars which were to be loaded, the empty cars will be assumed to have been intrastate cars in the absence of any evidence to the contrary.

2. MASTER AND SERVANT—*when moving of interstate car to switch intrastate cars not under Federal Employers' Liability Act.* A switchman employed by defendant was not engaged in interstate commerce at the time of his injury and cannot charge defendant under the Federal Employers' Liability Act where the evidence shows that the switching crew of which plaintiff was a member was engaged in moving intrastate cars onto a switchtrack to be loaded, that for the purpose of making room for them it was necessary to first move a partially loaded interstate mail car off the switch track, that at the time of the accident plaintiff was riding on the running board of the engine and was about to couple the engine and the mail car when he received the injuries complained of, and that the only object of the movement of such mail car was its temporary removal as an obstruction to an intrastate movement as the interstate character of such mail car does not continue during such a temporary movement.

Appeal by defendant from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in this court at the March term, 1922. Reversed. Opinion filed December 11, 1922. *Certiorari* denied by Supreme Court (making opinion final).

DANIEL TAYLOR, for appellant.

WALLACE W. McCALLUM and JOHN A. BLOOMINGSTON, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Roach v. Chicago, R. I. & P. Ry. Co., 227 Ill. App. 240.

Plaintiff was injured while employed by defendant as a switchman. He brought suit under the Federal Employers' Liability Act, alleging that on August 16, 1920, he was injured because of a defect in defendant's track while coupling an engine to a railroad car, then engaged in interstate commerce. Upon trial he had a verdict for $10,000, and from the judgment entered thereon defendant appeals.

Was plaintiff at the time of his injury engaged in interstate commerce? The facts as to the movement of the engine and cars at the time of the injury are not in dispute.

Defendant owns a freight house which runs north and south in Chicago, having twenty-one large doors facing west and opening onto a platform. The door at the south end is number one, and from there northward they are numbered consecutively. The United States government used that part of the freight house south of door number ten for its mail loading, and the Universal Car Loading Company used the part north. West of the platform are five switch tracks numbered from east to west, number one being the track nearest the platform and serving the freight house.

The day of the accident plaintiff, a switchman, with a crew was performing switching services in and around the freight house and the adjoining yards. Immediately before the accident there were a number of empty cars, as well as some partially loaded, standing on track number one. The last car on the track to the south was a Philadelphia and Reading car, number 11,260, which is the car in question. This car, coming from Springfield, Ohio, loaded with United States mail, was received at the freight house at seven o'clock in the morning of August 16. It was unloaded on the morning of the same day and immediately reloading was started with mail destined for St. Paul, Minnesota. While this car thus stood partly loaded

the switching crew of which plaintiff was a member, wishing to place some more empty cars on track number one north of this mail car, started to couple an engine to the mail car, intending to pull it south over the switch, then north along the track to the empty cars which were to be moved, coupling them, and then back over the switch and in again on track number one, leaving the mail car at the same place from which they had taken it. As the switch engine moved in northward on track number one, plaintiff was standing on the front running board for the purpose of coupling the engine to the mail car. Just as they came together plaintiff fell off the running board to the ground and his leg was crushed. He claimed that the engine, just as it was about to couple the car, passed over a low joint in the track, causing him to lose his balance. The loading of the mail car was not finished until the evening of the following day, August 17, when it left Chicago for St. Paul.

There was no evidence as to the character of the empty cars which were to be moved onto track number one, north of the mail car, and we must therefore assume that they were not cars engaged in interstate commerce.

Counsel for plaintiff argue that the mail car, being once placed at the loading platform for loading in connection with interstate commerce, continued to be engaged in interstate commerce no matter where or for what purpose it might subsequently be moved or placed. We do not think this is sound. The correct rule is that the movement or position of the car at the time of the injury must be related to and in furtherance of its transportation in interstate commerce. We are not aided by decided cases where one was injured on intrastate cars which were being moved to make way for the movement of interstate cars, and the object of the movement was to further the transportation of the interstate cars. Such cases are *St. Louis,*

*S. F. & T. Ry. Co. v. Seale*, 229 U. S. 156; *Geer v. St. Louis, S. F. & T. Ry. Co.*, 109 Tex. 36, 194 S. W. 941.

In the instant case the purpose of the movement of the interstate mail car was wholly unrelated to its interstate transportation. The purpose of the movement was to place intrastate cars in certain positions for loading. The interstate mail car was merely an obstruction to be temporarily removed but not in furtherance of the use for which it had been assigned. We conclude that the movement of the car at the time of the injury was not a movement in interstate commerce and that plaintiff cannot maintain his action under the Federal Act. Cases tending to support this view are *Louisville & N. R. Co. v. Parker*, 242 U. S. 13; *Wangerow v. Industrial Board*, 286 Ill. 441; *Chicago Junction Ry. Co. v. Industrial Board*, 277 Ill. 512.

We have also considered the record with reference to the facts of the accident, but in view of our opinion that this action cannot be maintained, it would not be fitting now to comment thereon. However, it should be said that were we now passing on the weight of the evidence we could not hold that the verdict was justified.

For the reason first above indicated the judgment is reversed, and as the facts as to the movement of the cars at the time of the injury are not in dispute, the cause is not remanded.

*Reversed.*

DEVER and MATCHETT, JJ., concur.