### East St. Louis Junction Railroad Company, Appellee, v. Armour & Company, Appellant.

1. NEGLIGENCE—*in not fastening metal piece attached to pipe as question for jury.* Where the owner of a tank house maintains an overhead pipe leading therefrom to the center of a railroad switch track to convey oils to tank cars, and places a piece of metal upon the pipe to prevent rain from dripping into the opening of a car being loaded, whether the owner was negligent in not fastening the metal piece, which was blown from its resting place by the exhaust from a locomotive engine and struck a railroad employee, was a question of fact for the jury.

2. MASTER AND SERVANT—*negligence in handling engine causing unusual exhaust as question for jury.* Where an unfastened piece of metal is attached to an overhanging pipe to prevent rain from dripping into the opening of a tank car on a switch track being filled from the pipe, whether there was negligence in the handling of a locomotive engine to cause an unusual exhaust to dislodge the metal piece that struck a railroad employee was a question of fact for the jury.

3. WORKMEN'S COMPENSATION—*admissibility of evidence of absence of negligence by employer in its action against third person to recover compensation paid employee.* In an action by a railroad company under Cahill's St. ch. 48, ¶ 229, to recover from the owner of a tank house the amount it has been required to pay as workmen's compensation to a railroad employee who was struck by an unfastened metal piece attached to an overhanging pipe by the owner to prevent rain dripping into a tank car on a switch track being filled from the pipe, and which metal piece was dislodged by the exhaust from a locomotive engine, evidence that the switch track was usually wet and greasy, which tended to show there was no unusual exhaust, is admissible, especially where the owner insists the exhaust was the result of railroad negligence.

East St. Louis Junction R. Co. v. Armour & Co., 247 Ill. App. 528.

4. COMMERCE—*moving of partly loaded car not ready for transportation to another state as interstate commerce.* A railroad company and a switchman are not engaged in interstate commerce at the time of an injury to the switchman from the alleged negligence of a third person, where the switchman was moving a partly loaded car to expedite the moving of intrastate cars, although the partly loaded car was to be transported to another State when loaded.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928. Rehearing denied February 28, 1928.

WHEELER & OEMKE, for appellant.

McGLYNN & McGLYNN, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant has a packing plant at East St. Louis. It has a switch track upon its premises and there is a tank house near by. Overhead pipes lead from the tank house to a point about 20 feet above the center of the said track. Those pipes are used for conveying melted tallow and grease from the tank house to tank cars upon the said track. When a car is to be loaded it is so placed that the dome thereof is below the end of the pipe. About three or four weeks prior to July 19, 1924, appellant's assistant foreman at the tank house placed a piece of metal about 4 feet long and 2 feet wide and weighing 40 or 50 pounds upon and across the pipes aforesaid for the purpose of preventing rain water from dripping into the open dome of tank cars while being loaded. The piece of metal aforesaid was not fastened in any way.

On July 19, 1924, a tank car was in position to be loaded and was partly filled. When the car was loaded it was to be shipped to some point in Texas. On the day aforesaid, appellee's switching crew entered upon the sidetrack for the purpose of taking out some cars

that were back of the car that was being loaded. When the engine came within a few feet of the car that was being loaded it came to a stop. Harvey B. Curry, a switchman in the employ of appellee, then examined the coupling apparatus and signaled the engineer to come ahead. When the engine started the exhaust therefrom blew the piece of metal from its resting place and it fell upon and injured Curry.

Curry applied for compensation under the Workmen's Compensation Act and the Industrial Commission allowed him $17 per week for a period of 250 weeks. Appellee and Curry were held to be subject to the Workmen's Compensation Act and appellee then sued appellant, under section 29 of said Act, Cahill's St. ch. 48, ¶ 229, to recover the amount it was required to pay Curry. The trial resulted in a verdict and judgment for $4,250.

Appellant contends that there was no negligence on its part. We are of the opinion that it was a question of fact for the jury to determine whether or not it was negligence for appellant's foreman to place the piece of metal upon the pipes without being fastened. It was in a position where the exhaust from engines might cause it to fall and the danger arising there-from should have been guarded against.

Appellant contends that the exhaust from the engine was the proximate cause of the injury to Curry. It is contended that if appellee was guilty of negligence which caused the injury there could be no recovery. That is true under the provisions of the statute, but we find no evidence in the record that would warrant the conclusion that there was negligence in the handling of the engine which caused an unusual exhaust. That was a question of fact for the jury and in the state of the proof we cannot say that they reached an erroneous conclusion.

Appellant contends that the court erred in admitting evidence to the effect that the switch track was usually

wet and greasy. We think the evidence was competent, especially in view of the fact that appellant was insisting that the exhaust from the engine at the time in question was the result of negligence on the part of appellee. The evidence simply tended to show that there was no unusual exhaust at the time in question.

Appellant contends that Curry and appellee were engaged in Interstate Commerce at the time of the injury and that by reason thereof appellee was not entitled to recover. The only purpose the switching crew had in moving the tank car that was partly loaded was to take some other cars from that switch track to other places. The moving of the partly loaded car was not for the purpose of transporting it in interstate commerce as it was not yet ready to be transported. It simply stood between the engine and the other cars which were to be moved. There is no claim that any of the other cars were then in interstate commerce, or that they were to be used for that purpose. The case at bar is very much like *Roach v. Chicago, R. I. & P. Ry. Co.*, 227 Ill. App. 240. In that case certiorari was denied by the Supreme Court. Appellant insists that the case at bar should be controlled by *Wagner v. Chicago, R. I. & P. Ry. Co.*, 277 Ill. 114. In that case a loaded car had been shipped from another State and had been placed for unloading. Before it was completely unloaded it became necessary to remove some cars back of it. It was held that the car was still in interstate commerce.

In the case at bar, the car in question had not yet started in interstate commerce and was not ready for transportation. We cannot agree with appellant's contention that appellee and Curry were engaged in interstate commerce at the time of the injury.

No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*