### MATTOX, admx., v. SOUTHERN RAILWAY COMPANY.

No. 10957. JULY 3, 1936.

*Joseph B. McGinty,* for plaintiff.
*Howard B. Payne,* for defendant.

RUSSELL, Chief Justice. Mattox, a resident of Georgia, sued the Southern Railway Company, a non-resident corporation, to recover damages for personal injuries alleged to have been caused by the defendant's negligence while the plaintiff was engaged in its service. He alleged that the defendant had procured him to sign a release from liability, and he prayed that this release be surrendered and canceled. The suit was in two counts, each placing the damages at $15,000. In the first count it was alleged that the suit was brought under the Federal employers' liability act. No reference to this act was made in the second count. The defendant filed its petition, and gave bond according to statute, whereby it sought removal of the case to the Federal court, on account of diversity of citizenship. The plaintiff demurred to the

petition for removal. The court overruled the demurrer, and judgment was entered removing the case to the Federal court. The plaintiff excepted.

The correctness of the ruling complained of will depend on whether the railroad company and the plaintiff were engaged in interstate commerce at the time of the injury. Paragraph 9 of count 1 alleges: "At the time of sustaining said serious injury in the employ of the defendant railroad the plaintiff was trucking a freight shipment from the warehouse platform of the defendant into a freight-car stationed on tracks of the defendant, which tracks were opposite and adjacent to a platform of the defendant's warehouse, and which car was so stationed for the purpose of loading and unloading." There was no other. allegation showing or attempting to show that the plaintiff was engaged in interstate commerce at the time of the injury, and the averment just quoted does not show that the plaintiff was so engaged. He can not prevent removal merely by showing that the railroad company was alone engaged in such commerce. While count 1 merely failed to show that the plaintiff and the company were engaged in interstate commerce on the occasion of the injury, the allegations of count 2 show that the shipment being handled by the plaintiff at the time of the injury consisted of a shipment of goods from Elberton, Georgia, to Hartwell, · Georgia, and thus affirmatively disclosed that the shipment was intrastate.

The question "whether a cause of action was removable from State to Federal court because of diversity of citizenship, or whether it was under Federal employers' liability act and could not be removed, was to be determined from the pleadings as they stood when petition for removal and bond were filed." Northern Trust Co. v. Grand Trunk Ry. Co., 282 Ill. 565 (118 N. E. 986). It is essential that it should appear that the plaintiff was injured while employed in interstate commerce. Illinois Central R. Co. v. Behrens, 233 U. S. 473 (34 Sup. Ct. 646, 58 L. ed. 1051). "There can be no doubt that a right of recovery thereunder arises only where the injury is suffered while the carrier is engaged in interstate commerce and while the employee is employed by the carrier in such commerce." Pederson v. D., L. & W. R. Co., 229 U. S. 146, 150 (33 Sup. Ct. 648, 57 L. ed. 1125). The true test always is, is the work in question a part of the interstate

commerce in which the carrier is engaged? Id. 152. It seems that the Federal court of last resort recognizes that the question of removability is dependent upon the state of the pleadings and the record at the time of the application for removal. It is .not necessary to set out or refer to the Federal employers' liability act to state a cause of action thereunder; but it is necessary, to exempt the case from removability, that the essential facts necessary to bring the case under the Federal employers' liability act shall be alleged in the declaration. The rights of the parties are to be determined as of the time the first motion to remove the case is made. Northern Trust Co. *v.* Grand Trunk Ry. Co., supra. It may perhaps have been held that the cause should not be removed where the action is set forth in two counts, if one of the two counts is sufficient for the action thereon. to be retained by the State court. But certainly if neither count in the petition sets forth all necessary averments, diversity of citizenship alone will authorize a removal. The plaintiff and he alone determines the status with respect of the removability of his case when it is commenced, and he decides this solely by the nature of his allegations. They may be true or they may be untrue so far as the right of removability is concerned. Removability depends solely upon the allegations of the petition. Pederson *v.* D., L. & W. R. Co., supra. Whether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced, is to be determined by the allegations of the complaint or petition; and if the case is not then removable, it can not be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant. Should we concede that the right to remove this case to the Federal court is doubtful, the Federal court would be entitled to the jurisdiction. Strother *v.* Union Pac. R. Co., 220 Fed. 731. The court did not err in overruling the demurrer, or in entering judgment removing the case to the Federal court.

*Judgment affirmed. All the Justices concur.*