## SEABOARD AIR LINE RY. CO. v. FOWLER, Sheriff, et al.

### (District Court, W. D. North Carolina.   March 2, 1921.)

Courts &—282(3), 508(3)—Railroads &—5½, New, vol. 6A Key-No. Series—
Federal court may enjoin enforcement of void state judgment.

Under Act Cong. March 1, 1920, § 206, subsec. (g), providing that "no execution or process * * * shall be levied upon the property of any carrier where the cause of action on account of which the judgment was obtained grew out of the possession, use, control or operation of any railroad or any system of transportation by the President under federal control," a judgment of a state court against a railroad company on such a cause of action is a nullity, and its enforcement by execution may be enjoined by a federal court of equity on the ground that such enforcement would be a taking of property, without due process of law, regardless of the amount involved.

In Equity.   Suit by the Seaboard Air Line Railway Company against C. Fowler, Sheriff, and others.   Decree for complainant.

Vann & Milliken, of Monroe, N. C., for complainant.
Stack & Parker, of Monroe, N. C., for defendants.

BOYD, District Judge.   The Seaboard Air Line Railway Company files its bill to enjoin the plaintiffs in two judgments, taken in the superior court of Union county, against the company and the Director General of Railroads.   The causes of action on which these judgments are based arose whilst the said railway was in control of and being operated by the President of the United States, through the Director General of Railroads.   Since the judgments were rendered, the plaintiffs have caused executions to be issued, commanding that the amount of the judgments be collected by levy upon and sale of the property of the railroad company.

The railroad company seeks by its bill to enjoin the plaintiffs in the executions and the sheriff of Union county, who has the same in hand, from proceeding to subject the property of the railway company to payments, on the ground, as has been stated, that the causes of action arose whilst the railway was under federal control, and that the suits were brought after the said railway had been returned to its owners.   The defendant's prayer for injunction against the plaintiffs and the sheriff is founded on subsection (g), § 206, of the Act of Congress of March 1, 1920 (41 Stat. 462), which is as follows:

"No execution or process other than on a judgment recovered by the United States against a carrier, shall be levied upon the property of any carrier where the cause of action on account of which the judgment was obtained grew out of the possession, use, control, or operation of any railroad or any system of transportation by the President under federal control."

This statute was intended by Congress to serve a specific purpose, which is definitely disclosed by the wording of the section which is quoted.   That purpose, it is plain to be seen, was to exempt the property of a carrier from levy and sale to satisfy judgments obtained upon causes of action arising from the operation of such carrier's railroad

whilst under federal control. The fact that the law makes ample provision for the payment of such judgments in another way sustains this view.

The mere entry of a judgment on the docket of a court, when the law forbids its enforcement, is simply an idle form. Such judgment is a nullity, and therefore has no legal force. It is to all intents and purposes a judgment void in law. The question, then, for consideration, is whether the federal court can by injunction stop proceedings under an execution in the hands of the sheriff of a county, commanding him to levy upon and sell the property of a railroad company to satisfy a judgment such as referred to above. Although there is a federal statute forbidding generally the courts of the United States to enjoin proceedings in the courts of the several states, yet it is the law of the land as declared by the Supreme Court that the equity jurisdiction of the courts of the United States can be invoked to restrain the enforcement of a judgment obtained by fraud or one which is void in law. These courts also have jurisdiction to restrain the enforcement of judgments and decrees which undertake to deprive a person of his property without due process of law. An execution issued from a state court upon a void judgment, commanding the sale of property of the defendant in the same to satisfy the judgment recited in the execution, is not due process of law, and is therefore violative of one of the provisions of article 14 of the Constitution of the United States, which says:

"Nor shall any state deprive any person of life, liberty, or property, without due process of law."

It is suggested by the plaintiffs in the execution that the amount involved is not sufficient to give jurisdiction to the United States District Court. The statute does not forbid the issuing of an execution or process for the collection of any particular sum, so the conclusion is that the amount is not material; the effect of the act of Congress being to prevent the enforcement, as against the property of a carrier, of a judgment for any amount based upon a cause of action accruing in the course of the operation of the carrier's railroad by the United States.

I conclude, therefore, that the restraining order issued in this case should be made permanent, and a decree to that end may be drawn.