## McGILL et al. v. OREGON SHORT LINE R. CO.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1924. Rehearing Denied February 11, 1924.)

### No. 4009.

**1. Railroads ⊙═5½, New, vol. 6A Key-No. Series—Right to establish and perfect mechanic's lien not suspended during federal control.**

The right to establish and perfect by decree a mechanic's lien given by a state statute on the corpus of a railroad company's property was not suspended during federal control, and while under Federal Control Act March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), and General Order No. 50, such suit was required to be brought against the Director General by name, he represented the rights of the company therein, and its joinder was not necessary to the effectiveness of the decree.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Railroads ⊕⇒5½, New, vol. 6A Key-No. Series—Mechanic's lien acquired during, but not arising out of, federal control, enforceable against railroad property.**

Transportation Act, § 206 (Comp. St. Ann. Supp. 1923, § 10071¼cc), providing that no execution or process shall be levied on the property of any carrier where the cause of action grew out of the use or operation of its road while under federal control, does not apply to the enforcement of a statutory mechanic's lien against property of a railroad company for repairing injuries to a building which were sustained during federal control, but were not caused by such control or operation.

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by the Oregon Short Line Railroad Company against F. O. McGill and another. Decree for complainant, and defendants appeal. Reversed and remanded.

G. W. Lamson and R. R. Breshears, both of Nampa, Idaho, for appellants.

George H. Smith, of Salt Lake City, Utah, and H. B. Thompson and John O. Moran, both of Pocatello, Idaho, for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. On December 16, 1918, the appellant McGill filed a mechanic's lien for materials furnished and labor performed in making repairs to the appellee's passenger depot at Nampa, Idaho. In his notice of lien he stated that the labor and material were furnished pursuant to a contract with the appellee herein, and that upon completion of the work he notified the appellee thereof. He began a suit against said appellee in the state court to foreclose the lien. The railroad being then in the control of the United States Railroad Administration, in compliance with General Order No. 50, McGill, on December 31, 1918, filed an amended complaint, making William G. McAdoo, Director General of Railroads, the sole party defendant. Upon the trial of the cause a decree was rendered for the defendant, but upon appeal to the Supreme Court of Idaho the decree was reversed, that court holding that the purpose of the Federal Control Act of March 21, 1918 (40 Stat. 451 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p]), was to preserve to the general public the rights and remedies against common carriers which it enjoyed at the time when the railroads were taken over by the President, and that the act applies to all causes against carriers, either at law or in equity, and that General Order No. 50 requires that such actions be against the Director General by name. McGill v. McAdoo, 35 Idaho, 283, 206 Pac. 1057. Thereupon the lower court, following the direction of the Supreme Court, entered judgment for McGill according to the prayer of the complaint.

Thereafter the appellee herein brought its suit in the District Court of the United States for the District of Idaho against said McGill and Kinney, the sheriff of Canyon county, Idaho, to enjoin the sale of its property under process issued from the state court in said cause, alleging in its bill that the decree in the state court was without jurisdiction

---

and void, for the reason that the appellee was not made a party to the proceedings therein. A decree was entered upon the bill and answer, perpetually enjoining the appellants from proceeding to enforce the judgment of the state court. From that decree the present appeal is taken.

[1] Under the authority of the Federal Control Act of August 29, 1916 (39 Stat. 645 [Comp. St. § 1974a]), the President by his proclamation of December 26, appointed a Director General of Railroads, to take possession and control of the systems embraced in the proclamation, and to operate and administer them, with authority to avail himself of the services of the existing railroad officers, boards of directors, receivers, employés, etc., who, unless otherwise ordered by the Director General, were to continue to perform their duties in accordance with their previous authority. In Northern Pacific Ry. Co. v. North Dakota, 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897, it was said that the statute and the proclamations contemplated "one control, one administration, one power for the accomplishment of the one purpose, the complete possession by governmental authority to replace for the period provided the private ownership ·theretofore existing." In Missouri Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, the court, referring to section 10 of the Act of March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j), said that its plain purpose was—

"to preserve to the general public the rights and remedies against common carriers which it enjoyed at the time the railroads were taken over by the President except in so far as such rights or remedies might interfere with the needs of federal operation. The provision applies equally to cases where suits against the carrier companies were pending in the courts on December 28, 1917, to cases where the cause of action arose before that date and the suit against the company was filed after it, and to cases where both cause of action and suit had arisen or might arise during federal operation. The government was to operate the carriers, but the usual immunity of the sovereign from legal liability was not to prevent the enforcement of liabilities ordinarily incident to the operation of carriers. The situation was analogous to that which would exist if there were a general receivership of each transportation system. Operation was to be continued as theretofore with the old personnel, subject to change by executive order. The courts were to go on entertaining suits and entering judgments under existing law, but the property in the hands of the President for war purposes was not to be disturbed. With that exception the substantial legal rights of persons having dealings with the carriers were not to be affected by the change of control."

By General Order No. 50 it was declared that the suits so referred to must be against the Director General by name, and in the case just cited it was held that a railroad corporation was not liable either at common law or under section 10 of the Federal Control Act upon a cause of action arising out of the operation of its railroad by the government through the Director General of Railroads. In North Carolina R. v. Lee, 260 U. S. 16, 43 Sup. Ct. 2, 67 L. Ed. 104, it was said that under the Federal Control Act the government operates a railroad by a right in the nature of eminent domain.

If, as was said in Missouri Pac. R. Co. v. Ault, the plain purpose of the Federal Control Act was to preserve to the general public the rights and remedies against common carriers which it enjoyed at the

time when the railroads were taken over, and actions at law or suits in equity may be brought by and against such carriers and judgment entered as theretofore provided by law, we are unable to see upon what ground it can be said that the right to perfect and establish by decree a mechanic's lien against the corpus of a railroad company's property was suspended during the time of the federal control. We find no such intention either expressed or implied in any of the acts of Congress relating to the subject. Under the law of Idaho, McGill was entitled to a mechanic's lien. McGill v. McAdoo, 35 Idaho, 283, 206 Pac. 1057. Nor do we find ground for holding that the decree establishing the lien was void for the reason that the appellee herein was not a party to the proceedings. Under the law McGill was forbidden to make the appellee a party. The suit was required to be brought against the Director General only. He, however, represented the rights of the appellee. His, for the time being, was the railroad property. He was managing it and controlling it in the interests of the appellee, and operating it through the appellee's agents, officers, attorneys, and employés.

[2] The appellee relies upon section 206 of the statute of February 28, 1920 (41 Stat. 462 [Comp. St. Ann. Supp. 1923, § 10071¼cc]), known as the Transportation Act, which provides:

"No execution or process, other than on a judgment recovered by the United States against a carrier, shall be levied upon the property of any carrier where the cause of action on account of which the judgment was obtained grew out of the possession, use, control, or operation of any railroad or system of transportation by the President under federal control."

The appellee cites Seaboard Air Line Ry. Co. v. Fowler (D. C.) 275 Fed. 239, where it was held that judgments of a state court against a railroad company rendered on causes of action such as is referred to in the statute just quoted, are nullities. The causes of action there involved arose out of the possession, use and control of the railroads through the Director General. Therein they differ from the cause of action with which we are here concerned. The mechanic's lien in this case did not arise from the management, use or control of the railroad while under federal control. The injury to the property for the repair of which McGill rendered services and furnished material was not caused by the operation of the road or by any employé thereof. The injury to the building was in the nature of a casualty. In McPherson County v. Chicago, R. I. & P. Ry. Co., 110 Kan. 274, 203 Pac. 912, the county had reconstructed a railroad bridge which was washed out by high water while the road was under federal control. The county sued the Director General and the railroad company to recover the expense of reconstructing the bridge. The court, in sustaining the judgment against the railroad company, said:

"This cause of action arose during federal control of the railroads, but was not caused by that control, nor did the cause of action arise out of such control."

The decree is reversed, and the cause is remanded, with instruction to dismiss the complaint.