## HALL v. PAYNE, Agent.

(District Court, Montana. July 6, 1921.)

No. 901.

**1. Removal of causes ⊸94—Petition for removal amendable.**

A petition for removal may be amended whenever consistent with justice.

**2. Removal of causes ⊸19 (1)—Action against federal agent under Transportation Act removable.**

An action based on a cause of action arising out of the operation of a railroad while under federal control, and in which plaintiff and the railroad company were citizens of different states, *held* removable.

At Law. Action by George W. Hall against John Barton Payne, Director General of Railroads. On motion to remand to state court and motion by defendant for leave to amend petition for removal. Motion to amend granted, and motion to remand denied.

Norris, Hurd & Rhoades, of Great Falls, Mont., for plaintiff.

I. Parker Veazey, Jr., W. L. Clift, and R. H. Glover, all of Great Falls, Mont., for defendant.

BOURQUIN, District Judge. Plaintiff moves to remand, and at hearing defendant asked leave to amend the petition for removal. The complaint alleges that the Great Northern Railway Company was and

is a Minnesota corporation, with lines in Montana and with connections to Oklahoma; that, while the roads were in federal control, plaintiff delivered to the control in Montana live stock to be transported over the roads and to Oklahoma; that the control's negligence inflicted injury upon the animals and damages to plaintiff, in part in Montana. The petition for removal alleges that the suit "(a) arises under the Constitution or laws of the United States, * * * or (b) is between citizens of different states"; that at material times petitioner was and is a citizen of New York, and plaintiff a citizen of Montana.

[1] The motion to remand is that diversity of citizenship is not material, so far as jurisdiction is concerned, in that the United States is the actual defendant and Payne but its agent. The amendment of the petition for removal is (1) to allege that said railway company is a Minnesota corporation; and (2) to allege that the complaint discloses the suit arises under the laws of the United States relating to interstate commerce and to federal control. Plaintiff objects to allowance of the amendments. Removal proceedings are statutory. The petition for removal is in the nature of process to transfer the case to the federal court upon due notice to plaintiff. Judicial Code, § 29 (Comp. St. § 1011), does not prescribe the contents of the petition, and it will serve if, taken in connection with the complaint in the state court and judicial notice, the allegations and facts of which it need not repeat, it discloses a removable case and prays for removal. Matter of Dunn, 212 U. S. 386, 29 Sup. Ct. 299, 53 L. Ed. 558; Gold, etc., Co. v. Keyes, 96 U. S. 204, 24 L. Ed. 656; Trust Co. v. Railway Co., 282 Ill. 565, 118 N. E. 986.

Like any other process or proceeding, the statutes of amendments sanction its amendment whenever consistent with justice. Kinney v. Association, 191 U. S. 82, 24 Sup. Ct. 30, 48 L. Ed. 103. The rule warrants the amendments proposed, if amendments be necessary. The case is virtually against the United States, which will pay any judgment in favor of plaintiff. For the first time, the United States has consented that suits against it may be brought in other courts than its own, but has not denied itself the right of removal in general, if at all. Stark v. Payne (D. C.) 271 Fed. 477.

[2] The proposed amendments are but to supplement what theretofore appears generally upon the face of the record, so far as may be material. The complaint discloses that the railway is a citizen of another state than Montana and that the suit arises under the laws of the United States and the petition for removal alleges plaintiff is a citizen of Montana and that the suit arises as aforesaid. Citizenship may be material in view of Ault's Case, 255. U. S. ——, 41 Sup. Ct. 593, 65 L. Ed. ——, and the restriction upon removal by section 10 of the Federal Control Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j). The nature of the suit, appearing on the face of the complaint, needed no repetition in the petition, nor even the general claim present in the petition in respect thereto. So introducing no new ground of removal, and which theretofore might be deemed to have been unequivocally waived, and no injustice to plaintiff appearing, the amendments are allowed.

All this is nowise inconsistent with Southern Pac. Co. v. Stewart, 245 U. S. 359, 38 Sup. Ct. 130, 62 L. Ed. 345, cited by plaintiff. That case deals with the course and finality of appeals and error, and the jurisdiction of the Supreme Court and the Circuit Courts of Appeals therein, and determines that whether or not error lies to the former from a judgment of the latter depends upon whether or not the said judgment is made final by the Judicial Code, which in turn depends upon the ground of jurisdiction of the District Court "as originally invoked." Its conclusion is that, although a complaint in the state court discloses the case arises under federal laws, if the petition for removal expressly counts upon only diverse citizenship, that alone is the basis of jurisdiction in the District Court "as originally invoked," and so the judgment of the Circuit Court of Appeals is final, and the Supreme Court has no jurisdiction to review it on error—all to comply with the statute limiting appeal and error. The result is a development from construction wherein, as not unusual, the last case widely differs from the first. Southern Pac. Co. v. Stewart assumes to apply Spencer v. Duplan Silk Co., 191 U. S. 526, 24 Sup. Ct. 174, 48 L. Ed. 287; but, whereas in the former the complaint in the state court discloses the case arises under federal laws, the complaint in the latter is otherwise, and the fact is inducement at least to the decision.

The instant case applies a principle of removal supported by the Supreme Court, unaffected by its latest decision, cited and to some extent sustained by it; for it continues sanction of amendment in removal.

The motion to remand is denied. No costs.