## NORTH CAROLINA RAILROAD COMPANY *v.* LEE, ADMINISTRATRIX OF LEE

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 33. Argued October 6, 1922.—Decided October 16, 1922.

1. A railroad corporation whose line, while leased to another, was taken over by the Government under the Federal Control Act, cannot, consistently with that act, be held for personal injuries occasioned by an accident during federal control, under a local rule making lessor railroads liable for the negligence of their lessees. P. 17.

2. Under the Federal Control Act, the Government operates a railroad not as lessee, but under a right in the nature of eminent domain. P. 17. *Missouri Pacific R. R. Co.* v. *Ault,* 256 U. S. 554, followed.

Reversed.

CERTIORARI to review a judgment of the Supreme Court of North Carolina affirming a judgment against the present petitioner in an action for death by negligence.

*Mr. S. R. Prince,* with whom *Mr. H. O'B. Cooper, Mr. John N. Wilson* and *Mr. L. E. Jeffries* were on the briefs, for petitioner.

*Mr. R. C. Strudwick,* with whom *Mr. John A. Barringer* was on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Southern Railway includes a line in North Carolina which is held under a ninety-nine year lease. On that line an employee was killed in March, 1919—apparently while engaged in intrastate commerce. His administratrix brought, in a court of the State, this action for damages, alleging that the line was then being operated

by the Southern as lessee, and that the lessee's negligence in operation caused the injury. Only the lessor, the North Carolina Railroad Company, was made defendant. Its liability was asserted under a local rule by which a railroad corporation is liable for injuries resulting from a lessee's negligence in operation. *Logan* v. *North Carolina R. R. Co.*, 116 N. Car. 940. The defendant set up the fact that, at the time of the accident, the Southern system was being operated solely by the Director General of Railroads under the Federal Control Act, March 21, 1918, c. 25, 40 Stat. 451. On that ground it requested a ruling that the plaintiff could not recover. This request was refused; and the court instructed the jury that, if the Government was operating the railroad, it was doing so in the capacity of a lessee and that the defendant " would still be responsible for the acts and conduct of the Government at the time it was operating " the same. The verdict was for the plaintiff; and the judgment entered thereon was affirmed by the Supreme Court of North Carolina without opinion. This Court granted a writ of certiorari. 255 U. S. 567. Thereafter, the liability of carriers during federal control was considered in *Missouri Pacific R. R. Co.* v. *Ault,* 256 U. S. 554.

The Government operated this railroad not as lessee, but under a right in the nature of eminent domain. It operated through the Director General, not through the Southern Company as agent. The *Ault Case* holds that the Director General alone was made subject, by § 10 of the Federal Control Act, to the " liabilities as common carriers, whether arising under State or Federal laws or at common law." To permit an action for injuries suffered during federal control to be brought either against the Southern Company as lessee, or against the North Carolina Company as lessor, would be inconsistent with the provisions of that act. This is now recognized by the

45646°—23——2

Supreme Court of North Carolina. *Lane* v. *Southern Ry. Co.*, 182 N. Car. 774; *Barbee* v. *North Carolina R. R. Co.*, 182 N. Car. 775.

*Reversed.*