### WALTERS v. PAYNE, Agent.*

(Circuit Court of Appeals, Third Circuit. September 1, 1923.)

No. 2967.

**I. Courts ⬥314—Federal court cannot acquire jurisdiction of suit against federal agent on ground of diverse citizenship.**

A suit under Federal Control Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), against the Director General of Railroads, or under Transportation Act 1920 against the federal Agent, is brought against the defendant in his official capacity, and his citizenship as an

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.
*Certiorari denied 44 Sup. Ct. 136, 68 L. Ed. —.

individual cannot give a federal court jurisdiction on the ground of diverse citizenship.

**2. Courts ⬥314—Federal court without jurisdiction of action for negligence under Transportation Act, where plaintiff and carrier are citizens of same state.**

A federal court is without jurisdiction of an action for negligence against the federal Agent, under Transportation Act 1920, tit. 2, § 206a, which provides that such action may be brought "in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier," where plaintiff and the carrier, on whose road the cause of action arose, are citizens of the same state.

**3. Courts ⬥295—Action against federal Agent not one "arising under laws of United States."**

An action for negligence against the federal Agent appointed under Transportation Act 1920, tit. 2, § 206a, is not within the jurisdiction of a federal court as one "arising under the laws of the United States."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arise—Arising.]

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action at law by Christine Walters against John Barton Payne, Agent. Judgment for defendant, and plaintiff brings error. Affirmed.

Leon M. Levy and R. L. Levy, both of Scranton, Pa., for plaintiff in error.

Reese Harris, Gomer W. Morgan, and Knapp, O'Malley, Hill & Harris, all of Scranton, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Christine Walters, the plaintiff, here and in the District Court, alleged in her statement of claim that on or about September 13, 1920, at Stroudsburg, Pa., while she was a passenger on a train of the Delaware, Lackawanna & Western Railroad Company, operated by defendant as Director General of Railroads, on her way from the city of Scranton, Pa., to Hoboken, N. J., a suit case or satchel, which had been placed in the rack above her by a passenger, fell from the rack, struck her on the head and shoulders, and severely injured her. She alleged that the defendant was negligent, in that he "failed to properly inspect the said suit case or satchel * * * and to take the necessary steps to prevent" it from falling on her. On motion of defendant, the District Court dismissed the "action" for want of jurisdiction. The sole question before us is whether or not the District Court had jurisdiction. If it did, the order of that court was erroneous, and the judgment must be reversed. If it did not, the judgment must be affirmed.

[1] If the District Court had jurisdiction in this case, it is because of diverse citizenship of the parties, or because this action arose under the laws of the United States, or is a controversy to which the United States is a party, or is against the United States. Counsel at first apparently thought the District Court had jurisdiction because of diverse citizenship of the parties, for when the statement of claim was

filed it was entitled "Christine Walters, a Citizen of the State of Pennsylvania, Plaintiff, v. John Barton Payne, Agent, a Citizen of the State of Illinois." By the time the case reached this court, that theory seems to have been abandoned, for in the record and briefs here the case is entitled "Christine Walters, Plaintiff in Error, v. John Barton Payne, Agent." Neither under the Federal Control Act of March 21, 1918 (40 Stat. 451; Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), nor the Transportation Act of 1920 (41 Stat. 456), is the Director General of Railroads or Agent sued, in a proper case, as an individual whose diverse citizenship can confer jurisdiction in a federal court, but he is sued in his official capacity, within the limitations prescribed by the acts, without regard to the place of his citizenship as a private individual.

It is also clear that, if the suit be against the Delaware, Lackawanna & Western Railroad Company, as plaintiff indicated in her statement of claim, the defendant, John Barton Payne, was the person or agent designated by the President, upon whom service of process should be made "in a cause of action accruing against the Delaware, Lackawanna & Western Railroad Company." But then the suit cannot be maintained on the ground of diversity of citizenship, for both the plaintiff and the railroad company are citizens of the commonwealth of Pennsylvania.

[2] If the action is against the United States, or Payne, as Agent, the government as such cannot be sued except by its consent, and if sued by its consent it must be sued in accordance with that consent. If the United States has given its consent to be sued in negligence cases arising out of federal operation of railroads, that consent is contained in section 206a of the Transportation Act, which had been in effect more than six months before the accident complained of occurred. That section provides that actions at law, suits in equity, and proceedings in admiralty based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier of such character as prior to federal control could have been brought against such carrier, may after the termination of federal control be brought not later than 2 years against an agent designated within 30 days after the passage of the act "in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier." This is the consent given by the United States to be sued, and if the suit of the plaintiff comes within the confines of this consent, the District Court had jurisdiction; but, if it did not, the dismissal of the action was proper.

The maxim, "Expressio unius est exclusio alterius," is applicable here. The question is reduced to this: But for federal control, would the District Court have had jurisdiction? With federal control out of the question, and John Barton Payne eliminated, without any reference to war, if the Delaware, Lackawanna & Western Railroad Company in its corporate capacity had been operating, in times of peace, the train on which the plaintiff was injured, both she and the corporation being citizens of Pennsylvania, would the District Court have had jurisdiction of this action? It is a common-law action of negligence and does not arise out of the laws of the United States. There was no

duty created by the Constitution or laws of the United States which was violated in the falling of the suit case. Consequently the forum remains just as it would have been if federal control had never existed, and that forum is the state courts. Western Union Telegraph Co. v. Ann Arbor R. Co., 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052.

[3] The action does not arise under the laws of the United States, because the President under a law of the United States appointed the agent against whom the common-law action might be litigated in the proper court. Gableman v. Peoria, Decatur & Evansville Railway Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220.

It follows that the judgment is affirmed.