## DAVIS, AS AGENT OF THE PRESIDENT, ETC. v. SLOCOMB, ADMINISTRATRIX OF SLOCOMB.

**ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT. .**

No. 530. Motion to dismiss submitted October 1, 1923.—Decided November 12, 1923.

1. An action for death by negligence, though based on a state statute, is an action arising under the laws of the United States when brought against the Director General of Railroads under § 10 of the Federal Control Act or against the Agent designated as his substitute under the Transportation Act, 1920. P. 160.
2. But, because of the provision of the Federal Control Act forbidding transfer to a federal court of any action not so transferable prior to the federal control, an action against the Director General was not removable to the District Court upon the ground that it arose under that act. P. 160.

3. And the same limitation exists, by implication, when the action is brought against the Agent appointed under the Transportation Act, though the latter act contains no provision relating to removal of causes. P. 161.

4. Where the only ground for removal of an action against the Agent was diversity of citizenship, a judgment of the Circuit Court of Appeals affirming a recovery in the District Court is not reviewable here by writ of error under Jud. Code, § 241. *Id.*

Writ of error to review 288 Fed. 352, dismissed.

ERROR to a judgment of the Circuit Court of Appeals affirming a judgment of the District Court for the plaintiff in an action for death caused by negligence of a railway under federal control.

*Mr. Arthur E. Griffin,* for defendant in error, in support of the motion. *Mr. William Martin* was also on the brief.

*Mr. F. G. Dorety* and *Mr. Edwin C. Matthias,* for plaintiff in error, in opposition to the motion. *Mr. Thomas Balmer* was also on the brief.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This suit was brought in 1921 by a citizen of Washington in a court of that State to recover, under a state statute, for death caused by the negligence of the Great Northern Railway while under federal control. The Government had surrendered possession February 28, 1920. The Railway, a Minnesota corporation, and James Cox Davis, as agent designated by the President pursuant to § 206a of Transportation Act 1920, February 28, 1920, c. 91, 41 Stat. 456, were made defendants. Removal to the federal court was prayed for, and granted, on the ground of diversity of citizenship and also on the ground that the suit was one arising under the laws of the United States. The District Court ordered that the suit be dismissed as against the Railway; and later entered judgment

against Davis. That judgment was affirmed by the Circuit Court of Appeals and is brought here by writ of error under § 241 of the Judicial Code. Respondent moves to dismiss the writ of error on the ground that under § 128 the judgment below is final.

The cause of action for a death was created by state statute. But the case is one arising under the laws of the United States; for it is only by reason of the federal law that any suit may be brought against this defendant. *Sonnentheil* v. *Moerlein Brewing Co.,* 172 U. S. 401, 404–5; *Matter of Dunn,* 212 U. S. 374. The amount in controversy exceeds one thousand dollars besides costs. The ground of removal set out in the petition is both diversity of citizenship and that the case arises under federal law. It may, therefore, be brought here under § 241 (*Southern Pacific Co.* v. *Stewart,* 245 U. S. 359, 562), unless the case is one of those arising under federal law in which Congress has denied the right of removal to the federal court, and/or is one of those so arising in which the judgment of the Circuit Court of Appeals has been made final. The question presented is one of construction.

The right to sue the Government for injuries arising under federal control rests on § 10 of the Federal Control Act, March 21, 1918, c. 25, 40 Stat. 451. *Missouri Pacific R. R. Co.* v. *Ault,* 256 U. S. 554. That section provides that "Actions at law . . may be brought by and against such carriers . . as now provided by law;" but that there shall not be "transferred to a Federal court any action . . which . . was not so transferable prior to the Federal control." Therefore, if, during federal control, this suit had been begun against the Director General he could not have removed it to the federal court on the ground that it is a suit arising under the laws of the United States; and, since the jurisdiction of the District Court would have rested wholly on diversity of citizenship, the

judgment of the Circuit Court of Appeals would have been final.　Upon the termination of federal control it was necessary to make provision for suits then pending, and also for such as might thereafter be brought based on causes of action arising during the period of operation by the Government.　This was done in Transportation Act 1920, by § 206, subdivisions *a, b, c, d,* and *f,* which provide, among other things, that an agent to be designated by the President shall be substituted for the Director General in suits then pending; and that the agent shall be made the defendant in suits thereafter commenced. That act contains no provision relating to the removal of causes to the federal courts.　There is no reason to suppose that Congress intended to make a change in this respect and give the right of removal in suits then pending, merely because the representative of the Government was, after February 28, 1920, to be designated agent and to have limited powers, instead of being the Director General who possessed broad powers.　Nor is any reason suggested why Congress should have desired to confer upon such agent larger rights of removal, or of review by this Court, than had been enjoyed theretofore by the Director General.　In the absence of specific provision to that effect we must assume that Congress intended to leave the law unchanged.

The only ground for removal in this case was diversity of citizenship.　Hence the judgment of the Circuit Court of Appeals is final.

*Writ of error dismissed.*