## SHIRER v. DAVIS, Agent.

(Circuit Court of Appeals, Fourth Circuit. January 8, 1924.)

No. 2160.

1. Removal of causes ⬅︎19(1), 21—Action against federal Agent not removable as under "laws of the United States, or as one to which" "United States is a party."

An action against the federal Agent in a cause of action arising out of federal control of a railroad, brought under Transportation Act 1920, § 206 (Comp. St. Ann Supp. 1923, § 10071¼cc), providing that such action "may be brought in any court which, but for federal control, would have had jurisdiction of the cause of action had it arisen against such carrier," is not within the jurisdiction of a federal court, as one arising under "laws of the United States," nor as one to which the United States is in effect a party, and is not removable from a state court where plaintiff and "such carrier" are citizens of the same state.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Law of the United States.]

2. Removal of causes ⬅︎11—Jurisdiction of federal court cannot be conferred by consent.

Where an action could not have been brought originally in a federal court, it cannot acquire jurisdiction on removal by waiver or consent of parties.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action at law by Annie C. Shirer, administratrix of the estate of T. Drayton Shirer, deceased, against James C. Davis, Federal Agent. Judgment for defendant, and plaintiff brings error. Reversed, with direction to remand to state court.

John I. Cosgrove, of Charleston, S. C., for plaintiff in error.

Nathaniel B. Barnwell, of Charleston, S. C. (Whaley, Barnwell & Grimball, of Charleston, S. C., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. [1] After the reversal by this court of a judgment once obtained below by the present plaintiff in error, the parties retried the issues upon the old record, and in submission to our rulings (vide 288 Fed. 293) a verdict for the defendant was instructed. The case was then brought here, so that a formal judgment of affirmance might be entered by us; the plaintiff in error being then minded to sue out a writ of error to the Supreme Court of the United

States. Before a judgment had been formally entered the case of Davis, Agent, v. Slocomb, 44 Sup. Ct. 59, 68 L. Ed. ——, decided by the Supreme Court November 12, 1923, was brought to our attention, and we directed a reargument on the question of jurisdiction. Davis v. Slocomb expressly decided that such an action as is now before us is not removable as arising under a law of the United States, and tacitly determines that it may not be removed because the United States is in effect a party to it. We have here no diversity of citizenship, the defendant being a South Carolina corporation, of which state the plaintiff is a citizen. The right to bring such an action as that with which we are now concerned rests upon section 206 of the Transportation Act of February 28, 1920, 41 Stat. 461 (Comp. St. Ann. Supp. 1923, § 10071¼cc), which authorizes such suit to be brought in any court which, but for federal control, would have jurisdiction of the cause of action, had it arisen against the particular carrier. Had it not been for that control, the instant plaintiff could not on this cause of action have sued the defendant in a court of the United States, nor could such a suit, if brought elsewhere, have been removed thereto.

[2] Defendant nevertheless contends that the plaintiff did not oppose the removal, and never made any motion to remand, and that it is now too late for any one to object that the federal court is without jurisdiction. The two cases upon which it relies are, however, easily distinguishable. Arizona & New Mexico R. Co. v. Clark, 235 U. S. 669, 35 Sup. Ct. 210, 59 L. Ed. 415, L. R. A. 1915C, 834, was a case arising under the federal Employers' Liability Act (Comp. St. §§ 8657–8665). It could have been brought in a court of the United States. It is true that if it had been originally instituted in a state tribunal, it could not have been removed to a federal. Such limitation upon the right of removal was, however, imposed for the protection of plaintiffs and could be waived by them. By the time Mackay v. Uinta Co., 229 U. S. 173, 33 Sup. Ct. 638, 57 L. Ed. 1138, got into the federal court, there was present at once diversity of citizenship and the required amount in controversy.

For reasons sufficient to itself, Congress has refused to permit a plaintiff to bring in the courts of the United States such a suit as that now before us, unless he could have brought it there, had the government never taken control of the railroads. No federal court, except the Supreme Court in the exercise of its original jurisdiction, has any jurisdiction other than that given it by some valid statute. It follows that the case was improperly removed, and the United States District Court for the Eastern District of South Carolina was, as we are, without any other jurisdiction over it than that necessary to the remanding of it to the state court from which it was brought. The judgment entered below must be reversed, and the case sent back to the United States District Court for the Eastern District of South Carolina, with directions to remand it to the court of common pleas for the county of Charleston, in the state of South Carolina.

Reversed.