**ELLIS et al. v. DAVIS, Agent.**

(Circuit Court of Appeals, Fifth Circuit.
February 6, 1925.)

No. 4432.

1. **Removal of causes** ⬅107(4)—**Court not confined to allegations of petition for removal in determining whether federal court had jurisdiction.**

Federal court is not confined to allegations of petition for removal in determining whether cause was properly removed, if record otherwise discloses cause of which it has jurisdiction.

2. **Removal of causes** ⬅32—**Action against Director General of Railroads held within jurisdiction of federal courts for diversity of citizenship.**

Action for personal injuries against Director General of Railroads was within jurisdiction of federal court for diversity of citizenship, and therefore removable, where plaintiff, his coplaintiff, and railroad company were each residents of different states.

3. **Carriers** ⬅307(2) — **Stipulation in pass waiving railroad's liability for injuries held binding.**

Where plaintiff, tie inspector for company from which railroad bought ties, obtained railroad's permission to accompany its tie inspector on inspection trip, so that discrepancies in inspection might be adjusted on spot, stipulation of pass that railroad should not be liable for injuries to plaintiff was not void, on ground pass was issued for valuable consideration; arrangement being chiefly for benefit of tie company and plaintiff.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by L. O. Ellis and another against James C. Davis, Agent. Judgment for defendant, and plaintiffs bring error. Affirmed.

Elmer L. Lincoln, of Texarkana, Tex., for plaintiffs in error.

John J. King, J. Q. Mahaffey, and J. I. Wheeler, all of Texarkana, Tex., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Plaintiff brought this suit for personal injuries arising in tort in the state court for Bowie county, Tex. On motion of defendant it was removed to the District Court of the United States for the Eastern District of Texas. Thereupon plaintiff moved to remand it to the state court, because the ground of removal set up by defendant—i. e., that it was a suit "arising under the Con-

stitution and laws of the United States"—was not well founded, but the motion was denied. This is the first question which we have to review.

[1, 2] As pointed out by the defendant in error, the court is not confined to the allegations of the petition for removal, if the record otherwise discloses a case of which the federal court has jurisdiction. Plaintiff's petition itself shows that he is a resident of the state of Arkansas, his coplaintiff, the Ocean Accident & Guarantee Corporation, Limited, is a foreign corporation authorized to do business in Texas, and the defendant, St. Louis & Southwestern Railway, of which James C. Davis, Director General of Railroads under federal control, was in charge, is a corporation existing under the laws of the state of Missouri. In those circumstances there existed the required diversity of citizenship, and this was sufficient to vest the lower court with jurisdiction. Bondurant v. Watson, 103 U. S. 278, 26 L. Ed. 447; Little York Gold Washing & Water Co. v. Keyes, 96 U. S. 199, 24 L. Ed. 656; Hall v. Payne, Agent (D. C.) 274 F. 237; Shirer v. Davis, Agent (C. C. A.) 295 F. 317; In re Mary Dunn, 212 U. S. 374, 29 S. Ct. 299, 53 L. Ed. 558; Davis, Agent, v. Slocomb, 263 U. S. 158, 44 S. Ct. 59, 68 L. Ed. 226; Southern Pacific Co. v. Stewart, 245 U. S. 359, 38 S. Ct. 130, 62 L. Ed. 345.

[3] The remaining error complained of is that the lower court instructed a verdict for defendant. The evidence shows that plaintiff was employed by the International Creosoting & Construction Company (hereinafter called the Tie Company) as an inspector or grader of cross-ties, whose duty it was to inspect and receive for his employer cross-ties manufactured and delivered by others on the line of defendant. T. B. Atkinson was an employee of the defendant, performing the same service for that company. The Tie Company paid for the ties based on plaintiff's inspection; whereas, it was in turn paid upon the inspection of Atkinson. At times there were discrepancies between the two inspectors, which necessitated further investigation to adjust the differences. The Tie Company therefore obtained from the defendant permission for its inspector to accompany Atkinson on his inspection trips in a motorcar used over defendant's tracks, in order that these differences might be settled on the spot by the two representatives. The defendant consented to this arrangement upon condition that plaintiff should sign a waiver of lia-

bility against it for injuries received while so engaged. Ellis accordingly signed the following waiver in consideration of his being so transported:

"This agreement, executed at ——— station, ———, 19—, witnesseth: If the carrier ("carrier" means Missouri Pacific Railroad Company, a corporation, its successors and assigns, and Director General of Railroads, Missouri Pacific Railroad, his successors and assigns, as, their repective interest may appear) will free of charge waive the carrier's current contrary rule and permit me, the undersigned licensee, to accompany tie inspector, the carrier's Mo. P. Ry. on a trip contemplated to be made on the carrier's motorcar between Pine Bluff station and Stamps station, for year 1919. I agree forever to defend, indemnify as an insurer, and save harmless the carrier from, for, and against any and all liability, judgments, outlays, and expenses soever consequent on any injury, death, damage, loss, or destruction, howsoever suffered or caused by me, or by any of my property, while on said motorcar, or in, on, or about any premises of the carrier, and also I agree to comply with the requirements of any law in respect of any such transportation: Provided, nothing herein or done hereunder shall be deemed to create or affect any contract of carriage between the carrier and me; and also the carrier shall have the right to withhold or to withdraw any such permission at any time. [Signed] L. O. Ellis, as Licensee Herein. Address: Texarkana, Ark. Witnesses: T. B. Atkinson. M. Oglesby, Lewisville, Ark."

On October 8, 1919, while traveling on the motorcar in question, which was under the control of Atkinson, a hog was struck upon the track and the car wrecked, resulting in serious injuries to Ellis. He therefore brings this suit for damages, joined herein by the insurer of his employer, who had paid him compensation under the Texas Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91). After the evidence was all in, the court directed the jury to find for defendant, for the reason that by the agreement above quoted plaintiff had waived any right to recover for such injuries.

Plaintiff concedes the law to be that, where the right of passage is given gratuitously, such a waiver is binding, but takes the position that the pass in this instance was furnished for a valuable consideration, and for that reason such a stipulation is void as a matter of public policy. However, we cannot agree with that view. The arrangement was chiefly, if not entirely, for the benefit of the Tie Company and the plaintiff. As heretofore stated, it was paying for the ties upon Ellis' inspection, but in its settlements with the defendant was compelled to accept the inspection of Atkinson, or else wait until the two could, upon further investigation, adjust the differences. In these circumstances, we think the case falls clearly within the doctrine laid down by the following authorities: Northern Pacific Railway Co. v. Adams, 192 U. S. 440, 24 S. Ct. 408, 48 L. Ed. 513; Boering v. Chesapeake Beach Railway Co., 193 U. S. 442, 24 S. Ct. 515, 48 L. Ed. 742, and authorities cited therein.

Judgment affirmed.