**SCHROEDER v. DAVIS, Agent.**

Circuit Court of Appeals, Eighth Circuit.
April 9, 1929.

No. 8121.

S. T. G. Smith, of St. Louis, Mo. (Maurice L. Stewart, of St. Louis, Mo., on the brief), for plaintiff in error.

Homer Hall, of St. Louis, Mo. (N. S. Brown and L. H. Strasser, both of St. Louis, Mo., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

KENYON, Circuit Judge. This is an action brought by Paul B. Schroeder, as plaintiff in the circuit court of the city of St. Louis, against James C. Davis, duly designated Agent, under the Transportation Act of 1920 (49 USCA), operating the properties of the Wabash Railway Company, claiming damages for personal injuries suffered in February, 1918, by reason of alleged negligence of the United States Railroad Administration operating through the Director General of Railroads. Defendant in error filed petition for removal of the cause to the federal court. The state court of Missouri granted the prayer of the petition, and the case was removed to the United States District Court for the Eastern Division of the Eastern Judicial District of Missouri. Plaintiff in error filed motion to remand the case to the circuit court of St. Louis. The motion was overruled. The court filed a memorandum opinion in which it held that the cause was not removable as arising under the laws of the United States or because of the diversity of citizenship between the plaintiff and the designated Agent, but was removable because of the diversity of citizenship between the plaintiff and the carrier, Wabash Railway Company. When the cause came on for hearing plaintiff again filed motion to remand, which was overruled. Plaintiff refusing to put in any evidence, the court dismissed the cause of action and rendered final judgment, and filed a certificate certifying that it had jurisdiction of said cause;

456

that it was properly removed from the circuit court of the city of St. Louis, Mo., to the United States District Court; that it had refused to remand it to the state court, and that the dismissal was a final disposition of the cause in that court.

■ The action was not removable as one arising under the laws of the United States, Blevins v. Hines (D. C.) 264 F. 1005; Walters v. Payne (C. C. A.) 292 F. 124; Davis v. Slocomb, 263 U. S. 158, 44 S. Ct. 59, 68 L. Ed. 226, nor was it removable because of diversity of citizenship between the plaintiff and the designated Agent. The designated Agent was merely a nominal party acting for the Government. There was no personal liability upon him—the suit was in effect against the government and not against him. Therefore his citizenship is unimportant. See the late case of State Highway Commission of Wyoming v. Utah Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. ——; also Kansas v. United States, 204 U. S. 331, 27 S. Ct. 388, 51 L. Ed. 510.

Was the court correct in holding that the diversity of citizenship between the plaintiff and the Wabash Railway Company was sufficient under the law pertaining to removal of causes? This is the pivotal question here.

After such an unusual exercise of sovereignty as taking over the control and operation of the railroad systems of the country, numerous and vexatious legal questions were bound to arise, the decision of which Congress could not accurately anticipate. The courts have held that the operation of each particular railroad system was in the nature of a general receivership of the company, Missouri Pac. R. Co. v. Ault, 256 U. S. 554, 41 S. Ct. 593, 65 L. Ed. 1087; that the operation was under a right in the nature of eminent domain, North Carolina R. Co. v. Lee, 260 U. S. 16, 43 S. Ct. 2, 67 L. Ed. 104.

Much confusion naturally arose as to the proper parties against whom suits should be brought, and in the removal of cases from the state to the federal courts. Some matters relating thereto were settled, and may as well be stated at this stage of the opinion.

■ An action such as this to recover damages for personal injuries alleged to have been caused in the operation of a railroad under federal control is in fact one against the government represented by the designated Agent under the Act of February 28, 1920, known as the Transportation Act. Hines v. Dahn (C. C. A.) 267 F. 105; Dahn v. Davis, 258 U. S. 421, 42 S. Ct. 320, 66 L. Ed. 696; Davis v. O'Hara, 266 U. S. 314, 45 S. Ct. 104, 69 L. Ed. 303.

There is no liability upon the railway company to pay any judgment secured, the cause of action arising while the railway company was under the control of the United States and being operated by the Director General of Railroads. Missouri Pac. R. Co. v. Ault, 256 U. S. 554, 41 S. Ct. 593, 65 L. Ed. 1087; North Carolina R. Co. v. Lee, 260 U. S. 16, 43 S. Ct. 2, 67 L. Ed. 104; Davis v. L. L. Cohen & Co., 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129.

■ The right to sue the United States under the Federal Control Act (40 Stat. 451) for negligence in operating a railway is the same as if the government were a railway corporation operating as a common carrier. Dahn v. Davis, 258 U. S. 421, 42 S. Ct. 320, 66 L. Ed. 696; Director General of Railroads v. Kastenbaum, 263 U. S. 25, 44 S. Ct. 52, 68 L. Ed. 146.

■ The United States cannot be sued without its permission specifically granted by Congress. Schillinger v. United States, 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108; Bigby v. United States, 188 U. S. 400, 23 S. Ct. 468, 47 L. Ed. 519: Turner v. United States, 248 U. S. 354, 39 S. Ct. 109, 63 L. Ed. 291; Nassau Smelting & Refining Works, Ltd., v. United States, 266 U. S. 101, 45 S. Ct. 25, 69 L. Ed. 190.

■ It goes without saying that the United States has no citizenship in any state, and that a suit against it cannot be removed on account of diversity of citizenship.

■ Without doubt this action can be brought only by reason of federal laws. Davis v. Slocomb, 263 U. S. 158, 44 S. Ct. 59, 68 L. Ed. 226. The government's immunity is waived only as expressed in statutes and orders of the Director General. Davis v. O'Hara, 266 U. S. 314, 45 S. Ct. 104, 69 L. Ed. 303. We therefore turn to the federal statutes on the subject.

■ The Federal Control Act of 1918, § 10 creates the right to sue the United States upon causes of action arising under federal control. It is as follows: "That carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is

an instrumentality or agency of the federal government. Nor shall any such carrier be entitled to have transferred to a federal court any action heretofore or hereafter instituted by or against it, which action was not so transferable prior to the federal control of such carrier; and any action which has heretofore been so transferred because of such federal control or of any act of Congress or official order or proclamation relating thereto shall upon motion of either party be retransferred to the court in which it was originally instituted. But no process, mesne or final, shall be levied against any property under such federal control." 40 Stat. 456, c. 25, § 10.

Section 206(a) of the Transportation Act of 1920 provides for bringing action against the designated Agent: It is as follows: "Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier." 41 Stat. 461, c. 91, § 206(a).

General Orders of the Director General Nos. 50 and 50A also bear somewhat on the same question. It is not necessary to set them out.

All of these statutes and orders emphasize the intention that an action at law for injury to persons growing out of the operation of the railroads by the government could be brought against the Director General or his successor, the designated Agent, if, were it not for federal control, it could have been brought against the carrier company.

It is the contention of plaintiff in error that this suit, sounding in tort—not being one covered by sections 24 and 28 of the Judicial Code (28 USCA §§ 41, 71), nor one in which the District Court of the United States has been given original jurisdiction—can be brought against the designated Agent only because of section 10 of the Federal Control Act, Davis v. Slocomb, supra, and that thereunder no action can be transferred to a federal court which was not transferable prior to federal control; that it is self-evident that this action was not removable prior to the passage of the law which created the right to bring it; that the word "carrier" as used in the act means the United States.

There are many provisions throughout the Federal Control Act and the Transportation Act showing that the term "carrier" as used in these acts is not limited to the United States, and in Davis v. Donovan, 265 U. S. 257, 44 S. Ct. 513, 68 L. Ed. 1008, the language would seem to imply that the Supreme Court is not of the opinion that the term "carrier" as used in the act applies only to the United States. See, also, Stark v. Payne (D. C.) 271 F. 477; Manbar Coal Co. v. Davis (C. C. A.) 297 F. 24. The government does act as a carrier temporarily, but the railroad company owning the property is also a carrier. Many phrases in the Federal Control Act would be not only incongruous, but meaningless, if the term "carrier" referred exclusively to the United States.

Of course this particular action could not have been brought against the Director General or the designated Agent before the law provided for any such procedure. The words "prior to the federal control of such carrier" as used in section 10 could not relate only to actions which could have been brought against the United States before such control, because none such could be brought and there would be no sense in such a statute. It must refer to suits which could have been brought against the carrier railway before federal control. It can hardly be supposed that Congress intended by this act to legislate with reference to removal of supposed cases to the federal court, when such particular cases could not possibly exist. Section 206(a) of the Transportation Act of 1920 throws light upon the intention of Congress, and under it the government has consented that it can be sued in any court which, had it not been for federal control, would have had jurisdiction of the cause of action, had it arisen against such carrier. Hines v. Dahn (C. C. A.) 267 F. 105; Manbar Coal Co. v. Davis (C. C. A.) 297 F. 24. This section, together with section 10 of the Federal Control Act, shows the intention of Congress to preserve the same status as to bringing and removing cases after as before federal control. It was not its intention to disarrange the entire procedure of the courts

under · existing · law. ·'The· construction contended for · by counsel for plaintiff in error, while ingenious, is. a strained, unnatural, and unreasonable one, and statutes ·of Congress should' receive no such construction.

Here, ·if ·there had been no federal control, the cause of action would 'have been against the Wabash Railway Company, necessary diversity of citizenship would 'have existed, and the case would have·been removable from, the state to the federal court.

There was some divergence of opinion in . the courts after the passage of the Federal Control Act on the question of removability of cases to the·federal courts and the grounds therefor. We refer to the leading cases.

In Blevins v. Hines, 264 F. 1005 (District Court), it was ·held that a case brought against the Director General of Railroads. for negligence of employés, resulting in the death of a person, was one arising under the law of the United States.

. In Westbrook et al. v. Director General of Railroads, 263 F. 211 (District Court), it was held that an action in the state court against the Director General of Railroads operating a line of railroad for personal injuries incurred in such . operation was not removable on the ground of diversity of citizenship between plaintiff and the corporation owning the railroad.

In Stark v. Payne, 271 F. 477 (District Court), it was held, in an action of tort against the Director General of Railroads or the Agent appointed under' the Transportation Act, if the cause of action arose out of the operation of the railroad while under federal control, it was removable as one arising under the laws of the United States.

These doctrines have been largely nullified by Davis v. Slocomb, 263 U. S. 158, 44 S. Ct. 59, 68 L. Ed. 226, to which we later refer. ·

. The rule stated in Smith v. Babcock & Wilcox Co. (D. C.) 260 F. 679, has been quite generally followed. We think it correct. "Under Federal Control Act, § 10 (Comp. St. 1918, § 3115¾j), an action to enforce a liability incurred in the operation of a railroad while under Federal control may be .maintained in such courts, and only such courts, as would have had jurisdiction in the absence of Federal control, and the citizenship of the railroad company, and not of the Director-General, determines the jurisdiction of the Federal · Court." Syllabus. That doctrine has, now been pretty well established by the Circuit Court of Appeals of three ,circuits and the decision of the Supreme Court in Davis v. Slocomb, supra.

In Walters v. Payne, 292 F. 124 (C. ·C.

A. Third Circuit), the court holds that section 206(a) of the Transportation Act gives consent of the United States to be sued, and also holds that with federal control out of the way and the Director General eliminated the railroad company and the plaintiff would have been citizens of Pennsylvania, and there would have been no jurisdiction in the District Court, basing want of jurisdiction on the lack of diversity of citizenship between the railway company and the plaintiff.

In Shirer v. Davis, 295 F. 317 (C. C. A. Fourth Circuit), it was held that the case could not be removed to the federal court because plaintiff and the company owning the railroad, in the operation of which the cause of action arose, were citizens of the same state.

In Ellis v. Davis, 4 F.(2d) 323 (C. C. A. Fifth Circuit), plaintiff was a resident of the state of Arkansas, while his coplaintiff was a foreign corporation, and Davis, as Director General of Railroads, was operating the St. Louis & Southwestern Railway, a corporation existing under the laws of Missouri, which we understand from transcript filed in this case was not a defendant. The court held there was sufficient diversity of citizenship to vest the trial court with jurisdiction.

In Hall v. Payne (D. C.) 274 F. 237, it was held that an action, arising out of the operation of a railroad while under federal control and in which plaintiff and the railroad company were citizens of different states, was .removable.

Davis v. Slocomb, ·supra, is a case apparently relied on by both sides to this controversy. There suit was brought against the Great Northern Railway Company, and Davis, Agent, in the courts of the state of Washington. The railway company was a ' corporation organized under the laws of Minnesota, and plaintiff was a citizen of Washington. The case was removed' on the ground of diversity of citizenship, and also on the theory that it was a cause of action arising under the laws of the United States. The railway company was dismissed from the suit by the District Court, and a judgment secured against Davis, Agent, which was affirmed by the Circuit Court of Appeals. The writ of error was dismissed by the Supreme Court of the United States on the ground that the judgment of the ·Circuit Court of Appeals was final because the District Court had acquired jurisdiction only by diversity of citizenship.

If the diversity of citizenship found by the court was not that of the railway com-

pany and the plaintiff, the opinion would not be of such controlling importance in this case. Speaking of the Transportation Act, the court there says that it contains no provision relating to the removal of causes to the federal court, and that "in the absence of specific provision to that effect we must assume that Congress intended to leave the law unchanged."

We think there is no decision of any Circuit Court of Appeals or of the Supreme Court of the United States upholding plaintiff in error's ingenious theory. We are satisfied that under section 10 of the Federal Control Act, and section 206(a) of the Transportation Act, both granting permission to sue, that an action could be brought against the Director General or his successor, the designated Agent, in any court where it could have been brought if there had been no federal control and a cause of action had arisen against the carrier. Here, if there had been no federal control, the action would have been between plaintiff and the Wabash Railway Company. Diversity of citizenship would have existed. The federal court would have had jurisdiction originally or by removal. It was brought against Davis, designated Agent, who was in charge of the railway company's property as successor to the Director General under the Federal Control Act. He was operating it as an entity, and the case was transferable to the federal court because of the fact that plaintiff and the Wabash Railway Company were citizens of different states, and the jurisdictional amount was involved. No other construction of the federal statutes it seems to us could be reasonable. The only difference between some of the cases cited and the present case is that here the railway company was not made a party, and the case is squarely between the plaintiff and the Director General. Counsel suggests it would be anomalous to have a case removed to the federal court because of the citizenship of the railway company which was not a party to the case. Of course, the Federal Control and Transportation Acts are anomalous and unusual and born only of a great emergency. They are not entirely clear as to the question here involved, and have been criticized quite severely by some of the courts for lack of clarity, but the fundamental purpose was to go ahead with the operation of the railroads with as little friction, commotion, and confusion as possible, and to proceed after control was taken by the government the same as before where not inconsistent with the statutes providing for such control and with the orders of the President thereunder. We are of the opinion that the Director General under the Federal Control Act or the designated Agent under the Transportation Act had the same right or removal as the railway company would have had in the absence of federal control.

The trial court was right in holding that it had jurisdiction. Its judgment is affirmed.